Milord A. Keshishian, SBN 197835
milord@milordlaw.com
MILORD & ASSOCIATES, P.C.
2049 Century Park East, Suite 3850
Los Angeles, California 90067
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorney for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OVERSTOCK.COM, INC., a Delaware Corporation; SEARS HOLDING CORP., an Illinois Corporation; SEARS, ROEBUCK & CO., an Illinois Corporation; and DOES 1-10, inclusive;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br><br>**2. CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

-1-
**COMPLAINT – Jury Demand**

Plaintiff L.A. Gem & Jewelry Design, Inc. ("LA Gem") by and through its undersigned attorneys, sues Defendants Overstock.com, Inc., ("Overstock"), Sears Holding Corp. ("Sears Holding"); Sears, Roebuck & Co. ("Sears"), and Does 1-10 and alleges:

## THE PARTIES

1. Plaintiff LA Gem is a California corporation having a place of business at 659 S. Broadway, Los Angeles CA 90014. LA Gem also conducts business under its LA Rocks trademarks.

2. Upon information and belief, Defendant Overstock is a Delaware Corporation with its principal place of business located at 6350 South 3000, East Salt Lake City, UT, 84121, and Overstock does business in and with the State of California and, in particular, within this District.

3. Upon information and belief, Defendant Sears Holding is an Illinois Corporation with its principal place of business located at 3333 Beverly Road, Hoffman Estates, IL 60179, and Sears Holding does business in and with the State of California and, in particular, within this District.

4. Upon information and belief, Defendant Sears is an Illinois Corporation with its principal place of business located at 208 South LaSalle Street, Suite 814, Chicago, IL 60604, and Sears does business in and with the State of California and, in particular, within this District.

5. LA Gem is informed and believes, and on that basis alleges, that Defendants Does 1 through 5, inclusive, are manufacturers and/or vendors of jewelry, and have manufactured and/or supplied, and/or are manufacturing and/or supplying, jewelry improperly incorporating LA Gem's copyrighted design(s) (as hereinafter described) without LA Gem's knowledge or consent, or are otherwise liable for secondary copyright infringement. The true names, whether corporate, individual, or otherwise of Does 1 through 5, inclusive, are presently unknown to LA Gem, and therefore, are being sued by

such fictitious names, and LA Gem will seek leave to amend this Complaint to include their true names and capacities when the same have been ascertained.

6. Defendants Does 6 through 10, inclusive, are other parties not yet identified who have infringed LA Gem's copyrights, have contributed to the infringement of LA Gem's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise of Does 6 through 10, inclusive, are presently unknown to LA Gem, and therefore, are being sued by such fictitious names, and LA Gem will seek leave to amend this Complaint to include their true names and capacities when the same have been ascertained.

7. LA Gem is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of LA Gem's rights and the damages to LA Gem proximately caused thereby.

## JURISDICTION AND VENUE

8. This action arises under the laws of the United States and the Copyright Act of 1976 (17 U.S.C. §101 *et seq.*), and as such, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), (c), and 1400(a) because Defendants conduct business in this District, reside in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

10. LA Gem is a designer and creator of jewelry whose jewelry pieces are sold

by numerous national retailers.

11. Since 2010, LA Gem has designed and sold numerous pendants and other jewelry pieces having its double heart designs under its Love Grows® trademark. Some of its varying Love Grows® jewelry pieces are pictured below:



12. At all relevant times, LA Gem complied in all respects with the Copyright Act, 17 U.S.C. §§ 101; *et. seq*., and secured the exclusive rights and privileges in and to the copyright in its Love Grows® jewelry collection. The Love Grows® pendants and jewelry pieces are original works copyrightable under the Copyright Act, and have been registered in full compliance with the Copyright Act.

13. LA Gem has received Certificates of Registration from the Register of Copyrights for several Love Grows® pendants, rings, earrings, and its jewelry collection ("LA Gem's Copyrights"). Some of LA Gem's Copyrights the Defendants infringe include the following:

    a. Copyright Registration No. VAu-1-057-296 issued on February 7, 2011;

    b. Copyright Registration No. VA 1-755-726 issued on January 6, 2011;

    c. Copyright Registration No. VA 1-895-034 issued on December 10, 2013;

    d. Copyright Registration No. VA 1-895-048 issued on December 16, 2013;

    e. Copyright Registration No. VA 1-894-972 issued on December 6, 2013;

    f. Copyright Registration No. VA 1-899-882 issued on November 25, 2013;

     g. Copyright Registration No. VA 1-889-397 issued on November 22, 2013; and,

     h. Copyright Registration No. VA 1-898-991 issued on December 4, 2013.

14. Since the creation of the Love Grows® jewelry designs, LA Gem has been and still is the sole proprietor of all rights, title and interest in and to the copyright therein and Certificates of Registration corresponding therewith.

15. Since its creation, the Love Grows® jewelry products have been manufactured and/or distributed solely by LA Gem or under its authority.

## DEFENDANTS' MISCONDUCT

16. Upon information and belief, Defendants Overstock, Sears Holding, and Sears are retailers in the business of manufacturing, marketing and selling jewelry.

17. LA Gem has not authorized Defendants Overstock, Sears Holding and/or Sears to copy, reproduce, manufacture, duplicate, disseminate, or distribute any of the Love Grows® copyrighted jewelry products or designs or any jewelry products substantially similar thereto.

18. Upon information and belief, Defendants Overstock, Sears Holding, and Sears have engaged in the marketing, manufacture, distribution, duplication and/or sale of infringing copies of the Love Grows® jewelry products in violation of LA Gem's copyrights.

19. On information and belief, Defendants Overstock, Sears Holding and Sears have sold unauthorized and infringing copies of at least the Love Grows® dual heart jewelry pieces, which bear a design that is substantially similar – if not strikingly similar – to the Love Grows® authentic jewelry pieces at retail and at wholesale.

## First Cause Of Action
(Copyright Infringement)

20. LA Gem hereby realleges and incorporates the allegations in paragraphs 1

1 through 19 of the complaint as if fully set forth herein.

2     21.    Defendants' jewelry depicted below constitutes infringement of at least one or more of LA Gem's Copyrights in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

    22.    Defendants' jewelry depicted below constitutes infringement of at least one or more of LA Gem's Copyrights in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

    23.    Defendants' jewelry depicted below constitutes infringement of at least one or more of LA Gem's Copyrights in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

    24.    Defendants' jewelry depicted below constitutes infringement of at least one or more of LA Gem's Copyrights in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

MILORD & ASSOCIATES, PC
2049 Century Park East, Suite 3850
Los Angeles, CA 90067
(310) 226-7878

25. Defendants' jewelry depicted below constitutes infringement of at least one or more of LA Gem's Copyrights in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

26. Defendants' jewelry depicted below constitutes infringement of at least one or more of LA Gem's Copyrights in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

27. Defendants' jewelry depicted below constitutes infringement of at least one or more of LA Gem's Copyrights in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

28. LA Gem is informed and believes that Defendants' manufacture, distribution, duplication and/or sale of infringing copies of the Love Grows® unauthorized dual heart jewelry was deliberate, willful, malicious, oppressive, and without regard to LA Gem's proprietary rights.

29. Defendants' copyright infringement has caused, and will continue to cause LA Gem to suffer substantial injuries, loss, and damage to its proprietary and exclusive

**COMPLAINT – Jury Demand**

rights to the copyrights in the Love Grows® heart shaped jewelry designs and further, has damaged LA Gem's business, all in an amount not yet determined. In addition, LA Gem is entitled to receive the profits made by Defendants from their wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, LA Gem is entitled to recover statutory damages, on election by LA Gem in an amount of up to $150,000 per copyright registration.

30. Defendants' copyright infringement, and the threat of continuing infringement has caused, and will continue to cause LA Gem repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford LA Gem adequate relief at law for Defendants' acts and continuing acts. LA Gem's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore, LA Gem is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. 503 and 28 U.S.C. 1651(a) that the infringing copies of the dual heart designs, and all molds by which such infringement copies were produced, be seized, impounded and destroyed.

31. LA Gem is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

## Second Cause Of Action
(Contributory and/or Vicarious Copyright Infringement)

32. LA Gem hereby realleges and incorporates the allegations in paragraphs 1 through 31 of this First Amended Complaint as if fully set forth herein.

33. LA Gem is informed and believes, and thereon alleges, that Defendants, and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, importation, purchase, distribution, and/or sale of products bearing the LA Gem's copyrighted Love Grows® jewelry designs as alleged in this Complaint.

34. LA Gem is informed and believes, and thereon alleges, that Defendants, and each of them, are vicariously liable for the copyright infringement alleged in this Complaint because they had the right and the ability to supervise such infringement and because they had a direct financial interest in the infringing conduct.

35. By virtue of Defendants' contributory and/or vicarious copyright infringement, LA Gem has suffered substantial damages to its business in an amount to be established at trial.

36. By virtue of Defendants' contributory and/or vicarious copyright infringement, LA Gem has suffered general and special damages in an amount to be established at trial.

37. By virtue of Defendants' contributory and/or vicarious copyright infringement, Defendants, and each of them, have obtained direct and indirect profits that they would not have realized but for their infringement of LA Gem's copyrighted Love Grows® jewelry designs. As such, LA Gem is entitled to disgorgement of Defendants' profits that are directly and indirectly attributable to their acts of infringement in an amount to be established at trial.

38. LA Gem is informed and believes, and thereon alleges, that Defendants, and each of them, have continued to import, manufacture, cause to be manufactured, and/or sell the infringing product with knowledge that such acts violated LA Gem's intellectual property rights. Therefore, Defendants' acts of copyright infringement as alleged above, were and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per each act of infringement. Further, Defendants, and each of them, willfully and intentionally misappropriated, palmed-off, and/or infringed LA Gem's copyrighted Love Grows® jewelry designs, which renders Defendants, and each of them, liable for statutory damages as described above. Within the time permitted by law, LA Gem will elect between actual or statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LA Gem prays for judgment against Defendants as follows:

A. That the Court enter a judgment against Defendants that Defendants have infringed the rights of LA Gem in LA Gem's federally registered copyrights under 17 U.S.C. § 501.

B. That the Court issue a Preliminary Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

    i. manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendants that is substantially similar to LA Gem's copyrighted Love Grows® jewelry designs;

    ii. destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

    iii. engaging in any other activity constituting an infringement of LA Gem's copyrights of the Love Grows® jewelry designs.

C. That LA Gem be awarded damages for Defendants' copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of LA Gem's copyrights; or (ii) statutory damages in an amount provided by law, as set forth in 17 U.S.C. § 504, at LA Gem's election before the entry of final judgment, together with prejudgment and post-judgment interest.

D. That the Court issue a Permanent Injunction enjoining and restraining

MILORD & ASSOCIATES, PC
2049 Century Park East, Suite 3850
Los Angeles, CA 90067
(310) 226-7878

Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using the dual heart design or any other jewelry that infringes LA Gem's copyrights.

    E.    That the Court award LA Gem its reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

    F.    That the Court award LA Gem its costs of suit incurred herein.

    G.    That LA Gem be awarded such other relief as may be appropriate.

Dated: November 12, 2014        Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorney for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

MILORD & ASSOCIATES, PC
2049 Century Park East, Suite 3850
Los Angeles, CA 90067
(310) 226-7878

-11-
**COMPLAINT – Jury Demand**

## DEMAND FOR JURY TRIAL

Plaintiff, through its attorney of record, hereby demands trial by Jury.

Dated:  November 12, 2014

**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorney for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.