```
                                                    FILED
                                          CLERK, U.S. DISTRICT COURT

                                             FEB - 1 2016

                                          CENTRAL DISTRICT OF CALIFORNIA
                                          BY                       DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OVERSTOCK.COM, INC., a Delaware Corporation; SEARS HOLDING CORP., an Illinois Corporation; SEARS, ROEBUCK & CO., an Illinois Corporation; CLASSIC IMPORTS OF N.Y. INC., a New York Corporation; ERNESTO FULOP, an individual; and DOES 1-10, inclusive,<br><br>Defendant. | CASE No. CV14-08756-AB-E<br><br>~~[PROPOSED]~~ ORDER ON STIPULATED PROTECTIVE ORDER<br><br>Honorable Hon. Andre Birotte Jr., Judge Presiding<br><br>Honorable Charles F. Eick, Magistrate Judge<br><br>Complaint Filed:  November 12, 2014<br>FAC Filed:        December 17, 2014<br>SAC Filed:        November 25, 2015<br>Discovery Cutoff: April 1, 2016<br>Trial:            August 9, 2016 |

0989.010\9988

## GOOD CAUSE STATEMENT

### A.    Purposes and Limitations

Discovery in this lawsuit, *L.A. Gem & Jewelry Design, Inc. v. Classic Imports of N.Y. Inc.* Case No. CV14-08756 AB (Ex) (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 2.5, below, that this Protective Order does not entitle them to file documents under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.    Good Cause Statement

This Action involves claims for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.* The parties to this case are in the business of manufacturing, marketing, and selling jewelry. Because of the parties' status as competitors or potential competitors, business information such as supplier lists, customer lists, cost-of-goods sold, pricing, manufacturing agreements, and other, similar information are confidential and must be protected from disclosure, and with highly sensitive information, safeguards are necessary to limit the disclosure of such information to opposing parties and/or other competitors in the market so as to avoid competitive harm.

## 1.   DESIGNATION OF CONFIDENTIAL INFORMATION

**1.1   Confidentiality Designations.**   Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement shall be referred to as "CONFIDENTIAL INFORMATION." CONFIDENTIAL INFORMATION may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as follows:

a.   <u>CONFIDENTIAL designation</u>.   A party or non-party may designate material CONFIDENTIAL only if it deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 and that the material contains confidential and/or proprietary commercial information that is not generally available to the public

b.   <u>CONFIDENTIAL - ATTORNEYS' EYES ONLY designation</u>. A party or non-party may only designate material CONFIDENTIAL - ATTORNEYS' EYES ONLY if it deems that disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 and that the material contains highly propriety technical or trade secret or business information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

**1.2   Produced Documents.**   A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label designating such material CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.  As used herein, the term "documents" includes all writings or other media on which information is recorded and other electronic files and tangible things subject to production under the *Federal Rules of Civil Procedure.*

**1.3   Interrogatory Answers.**   If a party answering an interrogatory believes in good faith under the criteria set forth in Section 1.1 that its answer contains CONFIDENTIAL INFORMATION, it shall set forth its answer in a separate

0989.010\9988                                              -2-

1   document that is produced and designated as CONFIDENTIAL or CONFIDENTIAL-

2   ATTORNEYS' EYES ONLY in the same manner as a produced document under

3   Section 1.2.

4       **1.4**    **Inspections of Documents.** In the event a party elects to produce files

5   and records for inspection and the requesting party elects to inspect them, no

6   designation of CONFIDENTIAL INFORMATION need be made in advance of the

7   inspection. For purposes of such inspection, all materials produced shall be

8   considered as CONFIDENTIAL INFORMATION unless the Parties agree otherwise.

9   If the inspecting party selects specified documents to be copied, such documents shall

10   be treated as CONFIDENTIAL INFORMATION until 10 days have elapsed from the

11   time the producing party is provided copies of the selected documents, during which

12   time the producing party may designate such documents as CONFIDENTIAL

13   INFORMATION in accordance with Section 1.1.

14       **1.5**    **Deposition Transcripts.** Portions of testimony taken at a deposition or

15   conference and any corresponding exhibits may be designated as CONFIDENTIAL

16   or CONFIDENTIAL – ATTORNEYS' EYES ONLY by making a statement to that

17   effect on the record at the deposition or other proceeding. Arrangements shall be

18   made with the court reporter transcribing such proceeding to separately bind such

19   portions of the transcript containing information designated as CONFIDENTIAL or

20   CONFIDENTIAL – ATTORNEYS' EYES ONLY and label such portions

21   appropriately. For convenience, if a deposition transcript contains repeated references

22   to CONFIDENTIAL INFORMATION which cannot conveniently be segregated

23   from non-CONFIDENTIAL INFORMATION, the entire transcript be marked by the

24   reporter as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

25       A party may also designate information disclosed at a deposition as

26   CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY by

27   notifying all parties in writing, within thirty (30) days of receipt of the transcript, of

28   the specific pages and lines designated as such. Each party shall attach a copy of such

1   written statement to the face of each transcript in its possession, custody or control.

2   For thirty (30) days after receipt of the transcript, depositions shall be treated as

3   CONFIDENTIAL - ATTORNEYS' EYES ONLY, but after that period any portions

4   not designated as CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS'

5   EYES ONLY may be disclosed.

6        **1.6   Multi-page Documents.**   A party may designate all pages of an

7   integrated, multi-page document, including a deposition transcript, interrogatory

8   answers and responses to document requests, as CONFIDENTIAL INFORMATION

9   by placing the label specified in Section 1.1 on the first page of the document.  If a

10  party wishes to designate only certain portions of an integrated, multi-page document

11  as CONFIDENTIAL INFORMATION, it should designate such portions

12  immediately below the label on the first page of the document and place the label

13  specified in Section 1.1 on each page of the document containing CONFIDENTIAL

14  INFORMATION.

15       **1.7   Inadvertent Failures to Designate.** Inadvertent failure to designate

16  qualified information or items does not, standing alone, waive the right to secure

17  protection under this Protective Order for such material, provided that the designating

18  party promptly corrects the designation after discovery of such inadvertent failure.

19  Upon timely correction of a designation, the receiving party must make reasonable

20  efforts to assure that the material is treated in accordance with the provisions of this

21  Protective Order.

22  **2.   HANDLING PRIOR TO TRIAL.**

23       **2.1   Disclosure of CONFIDENTIAL Material.**   Materials designated

24  CONFIDENTIAL or information derived therefrom may be disclosed, shown, or

25  made available, or communicated in any way only to the following persons:

26            a.    The parties and employees of the parties, but only to the extent

27  necessary to participate in, assist in and monitor the progress of this Action and for

28  no other purpose;

1           b.     Qualified persons taking testimony involving CONFIDENTIAL

2 INFORMATION, and necessary stenographic, videographic, and clerical personnel

3 thereof;

4           c.     Consultants or experts and their staff who are employed for the

5 purposes  of  this  litigation  who  have  signed  the  "Written  Assurance"

6 acknowledgement (Attachment A);

7           d.     The court and the court's staff;

8           e.     The author, addressees and recipients of the documents or any

9 person who would have had access to such information by virtue of his/her

10 employment; and for whom disclosure is reasonably necessary,

11           f.     any mediator or settlement officer, and their supporting personnel,

12 mutually agreed upon by any of the parties engaged in settlement discussions.

13           g.     Attorneys for the parties to this litigation and/or the insurance

14 carriers for the parties to the litigation, including persons working solely in secretarial,

15 clerical, and paralegal capacities, and who are providing assistance to counsel in this

16 Action, and/or claims representatives and/or claims adjustors, upon the condition that

17 such  CONFIDENTIAL  INFORMATION  not  be  used  in  policy  issuance

18 determinations and  be  immediately  destroyed  by  the  insurance  carriers  upon

19 completion of the instant litigation;

20           h.     Third-parties specifically retained to assist outside counsel in

21 copying, imaging, and/or coding of documents but for that purpose only, provided

22 that all such confidential documents are kept and maintained in a separate and secure

23 place and that the third party retained to copy, image, or code confidential documents

24 is not currently performing any services, either as an employee, consultant, or

25 otherwise for any competitor of either party to this Action or for one having any

26 interest adverse to either party to this Action;

27           i.     Any other person as to whom the parties previously agree in

28 writing.

0989.010\9988

**2.2  Disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY Material.** Material or documents designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY may be shown to the persons listed in Sections 2.1(b) through (i).

**2.3  Use of CONFIDENTIAL INFORMATION.** Individuals who are authorized to review CONFIDENTIAL INFORMATION pursuant to this Protective Order shall hold the CONFIDENTIAL INFORMATION and its contents in confidence and shall not divulge it, either verbally or in writing, except as expressly permitted by this Protective Order, unless authorized to do so by a further order of this Court or as specifically required by law.

**2.4  Unauthorized Disclosures.** In the event of disclosure of CONFIDENTIAL INFORMATION other than as authorized in this Protective Order, counsel for the party responsible for the disclosure shall (1) notify all parties of the unauthorized disclosures, (2) make every effort to prevent further disclosure, including retrieving disclosed materials and copies of such materials, and (3) request that the persons to whom the unauthorized disclosure was made sign a "Written Assurance" acknowledgement (Attachment "A"). Upon written stipulation or motion, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

**2.5  Court Filings.** Any CONFIDENTIAL INFORMATION (or documents containing CONFIDENTIAL INFORMATION) to be filed with the Court shall be filed under seal pursuant to the procedures set forth in Local Rule 79-5, or pursuant to such other procedures for filing under seal as the Court may order or allow. The parties agree that exhibits provided to any jury empanelled in this proceeding shall be provided without the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY stamp.

**3.    HANDLING DURING TRIAL.** CONFIDENTIAL INFORMATION which is subject to this Protective Order may be marked and used as trial exhibits by either

1   party, subject to terms and conditions as imposed by the trial court upon application

2   by the designating party.

3   **4.     HANDLING AFTER FINAL DISPOSITION.**  This Protective Order shall

4   survive the final termination of this Action and shall protect all retained materials that

5   have remained confidential through final termination of the case. Upon final

6   termination of this case, counsel for the parties may each retain one copy of all

7   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

8   correspondence, deposition and trial exhibits, expert reports, attorney work product,

9   and consultant and expert work product, even if such materials contain

10  CONFIDENTIAL INFORMATION.  Counsel shall destroy or assemble and return to

11  each other materials designated as confidential and all copies or summaries thereof.

12  **5.     RESTRICTIONS.**  Nothing herein shall impose any restriction on the use or

13  disclosure by a party of material: (1) obtained lawfully by a party hereto other than

14  through discovery in this Action, from a person who, to the best of such party's

15  knowledge, was not at the time such materials were obtained by such party under a

16  duty (contractual or otherwise) to maintain such materials in confidence; (2) that is

17  public knowledge or became public knowledge after disclosure under this Protective

18  Order (other than through an act or omission or a person receiving material under this

19  Protective Order).

20  **6.     OTHER REQUESTS.**  This Protective Order shall be without prejudice to the

21  right of any party: (i) to request re-designation of material as CONFIDENTIAL,

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY, or neither; (ii) upon written

23  stipulation, in accordance with Local Rule 37, to request the Court's ruling on whether

24  a document or information is CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY Material, or whether its use should be restricted; (iii) to present a motion

26  to the Court under FRCP 26(c) for a separate protective order as to any document or

27  information, including restrictions differing from those specified herein.   Any

28  challenge to a confidentiality designation shall be initiated pursuant to Local Rule 37

1  and the burden of persuasion in any such challenge shall be on the party who

2  designated the material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'

3  EYES ONLY.  The Protective Order shall not be deemed to prejudice the parties in

4  any way in any future application for modification of this Protective Order.

5  **7.     CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED**

6  **PRODUCED IN OTHER LITIGATION.**  If a party is served with a subpoena or a

7  court order issued in other litigation that compels disclosure of any information or

8  items designated in this Action as CONFIDENTIAL or CONFIDENTIAL –

9  ATTORNEYS' EYES ONLY that party must:

10        a.      promptly notify in writing the designating party. Such notification shall

11  include a copy of the subpoena or court order;

12        b.      promptly notify in writing the party who caused the subpoena or order to

13  issue in the other litigation that some or all of the material covered by the subpoena

14  or order is subject to this Protective Order. Such notification shall include a copy of

15  this Protective Order; and

16        c.      cooperate with respect to all reasonable procedures sought to be pursued

17  by the designating party whose CONFIDENTIAL INFORMATION may be affected.

18        If the designating party timely seeks a protective order, the party served with

19  the subpoena or court order shall not produce any information designated in this action

20  as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY before a

21  determination by the court from which the subpoena or order issued, unless the party

22  has obtained the designating party's permission. The designating party shall bear the

23  burden and expense of seeking protection in that court of its CONFIDENTIAL

24  INFORMATION and nothing in these provisions should be construed as authorizing

25  or encouraging any party in this Action to disobey a lawful directive from another

26  court.

27  **8.     CUSTODY.**  Recipients of material under this Protective Order shall maintain

28  such material secured and shall exercise the same standard of care with respect to

1 | storage, custody, use and dissemination of the material as they exercise for their own
2 | proprietary information, but in no event shall the standard be less than that of a
3 | reasonable person.

5 | This Protective Order shall be binding on the parties pending entry by the Court.

7 | FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: _2/1/16_

Honorable Charles F. Eick
United States Magistrate Judge

0989.010\9988

-9-

EXHIBIT A

WRITTEN ASSURANCE

I, _____ (print name),
reside at _____, in the City of
_____, _____. I am employed by and/or affiliated with
_____, with a business address of
_____, in the City of _____,
_____. I have read and understand the Stipulated Protective Order filed in the case of *L.A. Gem & Jewelry Design, Inc. v. Classic Imports of N.Y. Inc.* Case No. CV14-08756 AB (Ex). I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I will not divulge Confidential Information (as defined in the Protective Order) to persons other than those specifically authorized by the Protective Order. I will not copy or use, except solely for the purpose of this litigation, any information protected by the Protective Order except as expressly permitted by the Court.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Executed at _____, _____ (insert city and state), this _____ day of _____, 201__.

_____
Signature

0989.010\9988

-10-